IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JERMAINE LAWSON                                                                                        PLAINTIFF

v.                               Civil No. 6:22-CV-06111-SOH-MEF

LT. TOBEY GARNER, Gurdon Police Department                                        DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Jermaine Lawson, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). He proceeds *pro se* and *in forma pauperis* ("IFP"). The matter is currently before the Court on Defendant Tobey Garner's motion to stay the proceedings pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) ("*Younger*"). (ECF No. 19). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Plaintiff does not oppose the motion. (Def. Mtn. to Stay, ¶ 5, ECF No. 19). The motion is, therefore, ripe for the Court's consideration, and for the reasons outlined below, the undersigned recommends that the motion be **GRANTED**.

**I.    BACKGROUND**

Plaintiff contends that Defendant Tobey Garner, a lieutenant with the Gurdon Police Department, unlawfully stopped his vehicle on January 12, 2021, in violation of his constitutional rights. (ECF No. 1). Plaintiff claims that during the traffic stop, Defendant pointed a gun at him, placed him in handcuffs, and searched him, also in violation of his constitutional rights. *Id*. Plaintiff requests compensatory and punitive damages for his purportedly unlawful incarceration. *Id*. at p. 9. He also requests release from incarceration, that this matter be investigated, and that

1

the results of this investigation be shared with his appellate lawyer, among others. *Id*. Finally, he seeks "a clean record of [the] past 20 years." *Id*.

Publicly accessible state court records show that following the January 12, 2021, traffic stop, Plaintiff was charged by criminal information with multiple felony charges, including unlawful drug and firearm possession. *See State v. Jermaine Lawson*, Case No. 10CR-21-15 (Ark. 9th E. Cir. Div. 1 Jan. 27, 2021).[1] *See also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). A jury found Plaintiff guilty of all charges and he was ultimately sentenced to a term of 780 months imprisonment. *See Lawson*, Case No. 10CR-21-15 (Nov. 9, 2022) (Amended Sentencing Order). Plaintiff has appealed to the Arkansas Court of Appeals from the judgment against him. *See Lawson*, Case No. 10CR-21-15 (Sept. 23, 2022) (Notice of Appeal). This appeal remains pending. *See Jermaine Lawson v. State of Arkansas*, Case No. CR-23-201 (Ark. Ct. App. Mar. 26, 2023).

Because Plaintiff was a prisoner within the meaning of 28 U.S.C. § 1915A(c) when he filed this action, his Complaint was subject to preservice review pursuant to 28 U.S.C. § 1915A(a). Pursuant to that review, this Court recommended that Plaintiff's claims be dismissed except for the individual capacity claim against Defendant Garner for Defendant's alleged use of excessive force during the traffic stop — *i.e.,* pointing a gun at Plaintiff and thereby causing him emotional distress. (ECF No. 7). The Court recommended that his claims for damages due to his incarceration be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that his request for immediate release from custody be dismissed as barred pursuant to *Preiser v.*

---

[1] AOC Public CourtConnect Production, https://caseinfo.arcourts.gov/ (last visited June 29, 2023).

2

*Rodriguez*, 411 U.S. 475, 490 (1973). The Court then ordered that Defendant Garner be served on the remaining claim. (ECF No. 8). The Honorable Susan O. Hickey adopted this recommendation without objection. (ECF No. 11). Although this Court's report and recommendation pursuant to 28 U.S.C. § 1915A(a) specifically notes that Plaintiff's criminal case was pending appeal (ECF No. 7), defense counsel asserts that he first learned this information during a deposition of the Plaintiff. (Dft. Mtn. to Stay, ¶ 5, ECF No. 19). Defendant subsequently filed a Motion to Stay Proceedings Pending the Disposition of Plaintiff's Criminal Appeal, claiming that the *Younger* abstention doctrine requires the Court to stay this matter while Plaintiff's state criminal matter remains pending. *Id.* This motion is currently before the Court.

## II.     LEGAL ANALYSIS

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

There is no question that the facts of this case satisfy the first two *Younger* factors. First, publicly accessible state court records show that Plaintiff has filed a notice of appeal of his convictions to the Arkansas Court of Appeals. *See Lawson*, Case No. 10CR-21-15 (Sept. 23,

2022) (Notice of Appeal). By Plaintiff's own account, this appeal remains pending. (Def. Mtn. to Stay, Ex. 3, p. 3, ECF No. 19-3). Second, it is clearly established that ongoing state criminal proceedings implicate the important state interest of enforcing state criminal laws. *See, e.g.*, *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010) (affirming dismissal of § 1983 action based on *Younger* abstention principles where there was an ongoing state criminal case).

With respect to the third *Younger* factor, Defendant claims that "[b]ecause Plaintiff's ongoing appeal of his criminal conviction is directly related to the events that give rise to the allegations in his Complaint, his civil claim is wholly related to the rulings that will likely be made in the pending criminal appeal." (Def. Brf. at p. 3, ECF No. 20). *Younger*, however, requires this Court to ask a more pointed question: whether the state court criminal proceeding affords an adequate opportunity to present Plaintiff's federal claims. *See Fuller*, 76 F.3d at 959-60.

Here, the claim at issue—and the only claim to survive preservice screening pursuant to 28 U.S.C. § 1915A(a)—is whether the Defendant used excessive force in pointing his gun at the Plaintiff, thereby causing Plaintiff emotional distress. "[C]laims that law enforcement officials used excessive force—deadly or not—in the course of making an arrest or other 'seizure' of a free citizen are properly analyzed under the Fourth Amendment." *Cole v. Bone*, 993 F.2d 1328, 1332 (8th Cir. 1993) (citing *Graham v. Connor*, 490 U.S. 386, 394-95 (1989)). Although nothing in the record specifies the basis for Plaintiff's appeal of his convictions, Plaintiff's reticence to answer questions concerning the traffic stop in his deposition leads the Court to conclude that it likely concerns, at least in part, the reasonableness of his search and seizure under the Fourth Amendment. Accordingly, since a pending state court proceeding affords an adequate opportunity for Plaintiff to present such claims, the circumstances here satisfy all three *Younger*

factors. Further, the Court notes that Plaintiff does not object to a stay. The undersigned, therefore, recommends that Defendant's motion to stay the proceedings pursuant to *Younger* be GRANTED.

### III.     CONCLUSION

In sum, it is recommended that Plaintiff's Complaint (ECF No. 1) be STAYED AND ADMINISTRATIVELY TERMINATED pending the resolution of Plaintiff's state criminal case. Plaintiff will have thirty (30) days after the final resolution of his pending criminal case to file a Motion to Reopen this case. Failure to file the Motion by this deadline will result in the summary dismissal of this case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of June 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE